979 F.2d 848
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jacqueline R. OLSON, Plaintiff-Appellant,
v.
SCHOTTENSTEIN STORES CORPORATION, d/b/a Value City
Department Store, Defendant-Appellee.
 No. 92-1350.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 22, 1992
Decided: November 17, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.
 David A. Jividen, James B. Stoneking, Bordas & Bordas, Wheeling, West Virginia, for Appellant.
 James M. L. Ferber, David A. Kadela, Robert M. Robenalt, Schottenstein, Zox & Dunn, Columbus, Ohio, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and LUTTIG and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jacqueline R. Olson appeals the district court's grant of the Defendant's Motion for Summary Judgment in her wrongful discharge action. Finding no error in the district court's decision, we affirm.
 
 
 2
 Olson was employed by Schottenstein Stores Corporation d/b/a/ Value City Department Store ("Value City") as a leadperson in loss prevention. She was involved in an incident with Green, a male coworker, which she claimed constituted sexual harassment and ended in her wrongful discharge. After they exchanged comments having sexual connotations, Olson chased Green through the store and told him never to speak to her in that way again. Green smirked at Olson and she slapped his face with an open hand.
 
 
 3
 The altercation was reported to management immediately. The following day, the store manager terminated both Olson and Green. Olson's claim for unemployment compensation was denied because the hearing officer found that she was discharged for striking Green.
 
 
 4
 The district court correctly granted Value City's Motion for Summary Judgment. Olson claimed she was wrongfully discharged because she refused to bear sexual harassment. Although holding that under West Virginia law such a claim may be brought only under the West Virginia Human Rights Act, W. Va. Code # 8E8E # 5-11-1 to 5-11-19, (Michie 1990 and Supp. 1992), Guevara v. K-Mart Corp., 629 F. Supp. 1189 (S.D.W. Va. 1986), the district court also rejected the claim on the merits. Olson presented no competent evidence of sexual harassment. Her deposition testimony revealed that Green was the only person who made any sexual remarks, Green had no supervisory authority over her, and Olson did not report his conduct to management. Olson did not make out a claim for sexual harassment under either a quid pro quo or hostile environment theory. See Swentek v. USAIR, Inc., 830 F.2d 552, 557-58 (4th Cir. 1987); Westmoreland Coal Co. v. West Va. Human Rights Comm'n, 382 S.E.2d 562, 56667 (W. Va. 1989).
 
 
 5
 Olson also claimed that she was discharged without cause. The undisputed evidence, however, showed that Olson was an at-will employee. At-will employment is presumed, Suter v. Harsco Corp., 403 S.E.2d 751, 754 (W. Va. 1991), and Olson's handbook confirmed this presumption. Therefore, Value City did not need cause to terminate her. Id.
 
 
 6
 Nor could Olson maintain a sex discrimination claim. She offered no evidence that she was discharged because of her sex. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Finally, Olson complained that Value City's conduct was outrageous when it opposed her unemployment compensation claim. This claim is meritless.
 
 
 7
 Accordingly, we affirm the district court's grant of summary judgment to Value City. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED